IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CARLO W. OBREGON
and SAMUEL WATERS                                   PLAINTIFFS

v.                           No. 3:17-cv-156-DPM

CAPITAL QUARRIES COMPANY, INC.,
owned by or held by Farmer Holding
Company, Inc.                                       DEFENDANT

## ORDER

The Court denies Obregon's and Waters's timely motion, № 67,
to alter or amend the Judgment. The Court has reconsidered; but they
haven't offered newly discovered evidence; and the Court doesn't see
a manifest error of law. *Innovative Home Health Care, Inc. v. P.T.-O.T.
Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). The Court
didn't determine Doran's or anyone else's credibility. Capital Quarries'
independent investigation ensured that management wasn't a cat's
paw for Doran, whatever his true motivations may have been. *Lacks v.
Ferguson Reorganized School District R-2*, 147 F.3d 718, 725 (8th Cir. 1998).
Obregon and Waters say other employees weren't fired after failing to
properly tag out equipment. Again, even if true, this fact doesn't satisfy
the rigorous standard for comparators. *Johnson v. Securitas Security
Services USA, Inc.*, 769 F.3d 605, 613 (8th Cir. 2014). Obregon and Waters
haven't specifically identified anyone who had multiple and

substantially similar disciplinary or safety incidents without being fired. The ostracism and similar actions, considered separately, don't rise to the level of adverse employment actions. *Jackman v. Fifth Judicial District Department of Correctional Services*, 728 F.3d 800, 804–5 (8th Cir. 2013). And considered together, along with the mean-spirited remarks, they do not top the high bar precedent imposes for a jury issue on a hostile work environment. *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 922–23 (8th Cir. 2018).

So Ordered.

D.P. Marshall Jr.
United States District Judge

6 February 2020